Josh A. Cohen (SBN 217853)
Adam F. Shearer (SBN 279073)
CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109
Tel: (415) 749-1800
Fax: (415) 749-1694
jcohen@clarencedyer.com
ashearer@clarencedyer.com

Attorneys for Defendant
TONG ZAO ZHANG

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TONG ZAO ZHANG,<br><br>Defendant. | CASE NO. CR-14-0196 CRB<br><br>**DEFENDANT TONG ZAO ZHANG'S SENTENCING MEMORANDUM**<br><br>Sentencing Date: April 12, 2017 |

**INTRODUCTION**

Tong Zao Zhang loaded and transported untaxed cigarettes from a self-storage facility to a residential neighborhood in New York City in July 2013. He did not participate in the purchase of those cigarettes from an undercover agent and had no connection of any kind to Raymond Chow or the Ghee Kung Tong. He did not participate in the resale of the cigarettes and had no financial stake in their disposition. Mr. Zhang's job was to load the cigarettes and drive them to an appointed location – a task for which he was paid a flat fee of a few hundred dollars.

This is Mr. Zhang's first encounter with the criminal justice system. After entering the United States from China in 2011, Mr. Zhang worked as a sushi chef at restaurants in New York

and Maryland to support his wife and children. He is an engaged and committed father to his seven-year-old daughter Vickie, his two-year-old daughter Verna, and his two-month-old son August. The family rents a modest apartment in the Borough Park neighborhood of Brooklyn; the five of them share one bedroom while a cousin rents the other.

Mr. Zhang accepts full responsibility for his conduct. For the reasons set forth herein, he respectfully urges the Court to impose a sentence of probation.

**BACKGROUND**

Mr. Zhang violated 18 U.S.C. § 2342(a) by picking up untaxed cigarettes that others purchased and transporting them to another location to be distributed and resold. Plea Agreement ¶ 2. Agents captured his crime on film:



PROTECTED MATERIAL US-704514



PROTECTED MATERIAL US-703223



PROTECTED MATERIAL US-703246

There is no evidence that Mr. Zhang was involved in the redistribution of the cigarettes, or that he profited from their later resale.

In his plea agreement, Mr. Zhang acknowledged that the cigarettes were untaxed; that the total amount of the taxes avoided on the cigarettes was $292,500; and that the resulting offense level under the Sentencing Guidelines is 15. Plea Agreement ¶¶ 2, 7. He reserved the right to seek a variance from the applicable Guidelines range. *Id.* ¶ 7.

Mr. Zhang has no criminal history of any kind. PSR ¶¶ 48-54.

**LEGAL STANDARD**

Following *United States v. Booker*, 543 U.S. 220 (2005), a sentencing court must impose a sentence that takes account of the factors enumerated in 18 U.S.C. § 3553(a). In particular, a court must fashion a sentence that is "sufficient, but not greater than necessary," to serve the purposes of sentencing set forth in the statute. 18 U.S.C. § 3553(a)(2); *see Kimbrough v. United States*, 522 U.S. 85, 111 (2007). As the Supreme Court has explained, "[t]he overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or

vocational training, medical care, or other correctional treatment." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (citing 18 U.S.C. § 3553(a)).

The Sentencing Guidelines are just one factor among many a court must consider at sentencing. *United States v. Ressam*, 593 F.3d 1095, 1117-18 (9th Cir. 2010). Courts cannot presume that the sentencing range recommended by the Sentencing Guidelines is reasonable or accord more weight to the Guidelines than the other § 3553(a) factors. *Carty*, 520 F.3d at 991. Rather, a court must make an individualized assessment and fashion a sentence that reflects the particulars of the offense and the unique characteristics of the offender. *Ressam*, 593 F.3d at 1117-18.

## ARGUMENT

### I. A Sentence of Probation Properly Reflects the Circumstances of the Offense

Mr. Zhang does not minimize the gravity of the crime he committed. The black market in unstamped cigarettes deprives taxing authorities of valuable revenue and frustrates efforts to curb a deadly habit. *See City of New York v. FedEx Ground Package System, Inc. et al.*, No. 13-cv-9173 (S.D.N.Y.), Dkt. 1, p.2 ¶ 5 (complaint filed by City of New York asserting that higher cigarette prices "convince greater numbers of smoker to quit, reducing the incidence of smoking-related death and disease").

By the same token, Mr. Zhang neither bought nor sold the cigarettes at issue in this case, and there is no evidence he participated in their downstream distribution. While Mr. Zhang has acknowledged that he knew the cigarettes were contraband, Plea Agreement ¶ 2, he was not involved in marketing or promoting them for purchase or use.

Moreover, there is no evidence of any kind that Mr. Zhang knew about, let alone intended to further, the activities of the Ghee Kung Tong. Although Mr. Zhang was originally charged in one count of the *Chow* indictment – Count 162 – he found his way into the case only because the cigarettes he moved happened to be purchased, without his knowledge, from an undercover agent posing as a Chow associate.

Under these circumstances, the sentence recommended by the Sentencing Guidelines is greater than necessary to serve the goals of sentencing. This is so for several reasons. First, the advisory sentencing range is driven by a factor – tax loss – that was outside Mr. Zhang's knowledge or control. Courts recognize that a sentence below the Guidelines may be warranted when the defendant's role in the offense "bore little relationship to the amount of the loss," or when he "had little or no knowledge of the total amount being taken." *United States v. Redemann*, 295 F. Supp. 2d 887, 899 (E.D. Wis. 2003); *accord United States v. Adelson*, 441 F. Supp. 2d 506, 512 (S.D.N.Y. 2006) (noting the "utter travesty of justice that sometimes results from the guidelines' fetish with absolute arithmetic"). Given that Mr. Zhang played no role in the purchase or disposition of the cigarettes at issue, tax loss is a poor proxy for measuring his culpability or harm.

Second, the tax loss bears no relationship to Mr. Zhang's meager gain. *See Redemann*, 295 F. Supp. 2d at 899 (sentence below Guidelines may be warranted where "the defendant's fraud [was] for little or no gain, especially in comparison to the size of the loss"); ABA Criminal Justice Section, *A Report On Behalf of the ABA Criminal Justice Section Task Force on the Reform of Federal Sentencing for Economic Crimes* (Nov. 10, 2014), at 4 (nothing that "[t]he extent to which the defendant personally gained may also be relevant to the culpability level"). As a matter of arithmetic, the $292,500 tax loss exceeded the gain to Mr. Zhang by a factor of nearly one thousand. Moreover, Mr. Zhang did not participate in the resale of the cigarettes and thus did not stand to profit from the fact the cigarettes were untaxed.

Third, the Sentencing Guidelines contain a presumption against incarceration for first-time offenders like Mr. Zhang. The Sentencing Commission has promulgated amendments that, once adopted, will reduce Mr. Zhang's offense level to Zone B. *See* United States Sentencing Commission, *Proposed Amendments to the Sentencing Guidelines* (Dec. 19, 2016), at 4 (providing for two-level reduction for offenders who receive no criminal history points and have no prior convictions of any kind); *see also id.* at 11-12 (consolidating Zones B and C). As amended, the Guidelines will further provide that a first-time offender in Zone B "ordinarily should [receive] a

sentence other than a sentence of imprisonment." *Id.* at 6. Considering that Mr. Zhang has no prior convictions of any kind and committed a non-violent offense that meets the criteria set forth in the amended Guideline, the Court should give Mr. Zhang the benefit of the presumption and impose a noncustodial sentence.

Finally, Mr. Zhang will suffer serious collateral consequences as a result of his conviction. At the time of his arrest, Mr. Zhang was seeking to naturalize as a United States citizen. Not only will his felony conviction doom his quest for naturalization, it may render him vulnerable to other immigration repercussions. This state of affairs is especially fraught for Mr. Zhang, who is unwelcome in his native China. As a second child born in violation of China's family planning policy, and as a member of the Catholic church, Mr. Zhang faced prejudice and persecution before emigrating to the United States and expects that such treatment would resume if he were returned to China. PSR ¶¶ 57-58. Accordingly, the implications of his conviction in this case are already quite severe.

For all of these reasons, the Court can and should vary downward from the applicable Guidelines range to a sentence of probation.

## II. The Court Should Impose a Sentence of Probation to Minimize the Impact on Mr. Zhang's Young Family

Mr. Zhang is a father of three young children, the youngest of whom was just born in January. Having lost his own father as a young boy, Mr. Zhang is committed to playing an active role in his children's lives. PSR ¶ 59. He devotes virtually all of his free time to his kids and is extremely concerned about the impact that his conviction – to say nothing of his sentence – may have on their future prospects. PSR ¶¶ 59-60.

In addition, Mr. Zhang is the lone earner for his family. PSR ¶ 63. Although his earnings are modest, they are sufficient (with the help of food stamps) to keep the family sheltered and fed. Given the family's lack of savings and their inability to afford childcare, there is no conceivable way for the family to sustain itself financially without Mr. Zhang's active contributions.

Sentencing courts can take extraordinary family obligations into account when fashioning an appropriate sentence. *See, e.g.*, *United States v. Menyweather*, 447 F.3d 625, 633-35 (9th Cir.

2006) (affirming departure to probation for defendant who was sole parent and primary source of financial support for 11-year old daughter), *rev'd on other grounds*, *United States v. Munoz-Camarena*, 621 F.3d 967 (9th Cir. 2010); *United States v. Leon*, 341 F.3d 928, 932 (9th Cir. 2003) (affirming departure for defendant who was the only available person to care for ill wife). As the Ninth Circuit has explained, "[i]n the broader appraisal available to district courts after *Booker*, courts can justify consideration of family responsibilities, an aspect of the defendant's 'history and characteristics,' 18 U.S.C. § 3553(a)(1), for reasons extending beyond the Guidelines." *Menyweather*, 447 F.3d at 634 (internal quotation marks omitted). Accordingly, family circumstances that may not warrant a departure under § 5H1.6 may nonetheless justify a variance to achieve a sentence that is sufficient but not greater than necessary.

Here, a sentence of incarceration would deprive Mr. Zhang's wife and children of a vital source of financial and emotional stability. Given how significantly the family would suffer in his absence, the Court should impose a sentence that enables Mr. Zhang to continue to provide for their support.

**CONCLUSION**

For all of these reasons, Mr. Zhang respectfully urges the Court to impose a sentence of probation.

DATED: April 5, 2017 Respectfully submitted,

By_____/s/________________________
JOSH A. COHEN
ADAM F. SHEARER
Attorneys for TONG ZAO ZHANG